```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


PURNELL A. SHORTALL et al.    *
                              *
v.                            *   Civil Action No. WMN-14-3904
                              *
BALTIMORE DISTRICT            *
U.S. ARMY CORPS OF            *
ENGINEERS                     *
 *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## MEMORANDUM

Before the Court is a Motion to Dismiss filed by Defendant Baltimore District U.S. Army Corps of Engineers (the Corps). ECF No. 9.  The motion is fully briefed and ripe for review. Upon a review of the papers, facts, and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Purnell and Mary Ann Shortall (the Shortalls), pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seek documents that they believe are in the Corps' possession related to a piece of property they own located at 11523 Cordova Road, Cordova, Maryland, 21625 (the Property).  In particular, they seek field notes of a former Corps Non-Tidal Wetlands Consultant, Alex Dolgos, to confirm that in 1991 Mr. Dolgos recommended to the Shortalls to leave in place metal disposed of on the Property.  The Shortalls have been ordered to

remove this metal by the Maryland Department of the Environment, and they believe that Dolgos' field notes would support their contention that it would be more environmentally sound to leave the metal in place.

On September 15, 2014, the Shortalls submitted their FOIA request to the Corps asking for "all written materials, photographs, photocopies, maps, drawings, hand written notes and other material in your possession and on record . . . maintained during the time of 1985-2014" that related to the Property "in the name of Purnell and Mary Ann Shortall, or Shortall Building Supplies & Hardware, Inc."  ECF No. 1-1.  A Corps employee, Michael S. Fraer, called the Shortall household on September 24, 2014, to discuss the request and an agreement was made and confirmed by e-mail to limit the request to the time period of 1985-1992.  ECF No. 1-2.

On October 3, 2014, Mr. Fraer sent an e-mail notifying the Shortalls that the Corps made an initial determination to grant the FOIA request.  ECF No. 1-3.  On the same date, Mr. Fraer also sent a memorandum to the Chief of the Operations Division in the Baltimore District Regulatory Branch requesting responsive copies by October 14, 2014.  ECF No. 9-6.  No response from the Regulatory Branch by that date is in the record.  Mr. Fraer left the Army Corps on October 14 and at that point the Shortalls' request was dropped.  Mrs. Shortall sent e-

mails to Mr. Fraer's account on October 30 and November 13, 2014, which went unanswered.  ECF Nos. 1-4 and 1-5.

Finally, on December 1, 2014, Mr. Shortall sent a letter to the Corps notifying the Corps that he had yet to receive his FOIA documents and he would file legal proceedings if he did not receive the documents by December 12.  ECF No. 1-6.  On December 9, 2014, Michael Shields, an attorney in the Baltimore District Office Counsel, notified Mrs. Shortall by e-mail of Mr. Fraer's departure, that her October and November e-mails had not been received, and that he would forward responsive records as soon as they were produced by the District Regulatory Office.  ECF No. 1-7.  Mrs. Shortall replied the same day, reiterating the request regarding the Property and adding that the request was

> "in regards to a report on some metal products located in non-tidal wetlands, Ace Adkins [sic] advised me, and I am sure he would have put it in his notes, that I did not have to move the metal.  He should have a report stating this information."

ECF No. 9-11.

The Shortalls filed this action on December 16, 2014.  ECF No. 1.  On December 17, 2014, Kathy Anderson, Chief of the Maryland Southern Section in the Regulatory Branch, produced a memorandum stating that a search of the Regulatory database returned no results for the Property or its related company names.  The Shortalls received a letter from the Office of Counsel dated the same day stating that a "search of the U.S.

3

Army Corps of Engineers, Baltimore District files . . . failed to locate any records responsive to your request." ECF No. 9-13. The letter also advised, in response to Mrs. Shortall's last e-mail, that Ace Atkins was an employee of the Maryland Department of the Environment and not the Corps. Id. The Shortalls received this letter via e-mail from Mr. Shields.

Mrs. Shortall replied the same day stating that "[t]here are definitely records of reports by the Army Corps of Engineers in your custody. There were numerous visits from the Army Corps of Engineers to inspect our property, therefore there must be reports in your custody." ECF No. 9-14 at 2. In response, on February 2, 2015, Mr. Shields contacted Ms. Anderson and Sandy Zelen, Enforcement Program Manager in the Regulatory Branch, to ask if there was any other location for potentially responsive records. ECF No. 9-3 ¶ 17 (Decl. Michael Shields). That inquiry produced hardcopy records that were not attached to the Property address but did reference the Shortalls. Id. ¶ 18. These records were scanned and sent via e-mail to the Shortalls on February 11, 2015, at which point Mr. Shields stated that these files were the only ones that could be located. Id. ¶ 19. There was no further communication between the Shortalls and the Corps.

On April 6, 2015, the Corps filed this instant Motion to Dismiss or in the Alternative for Summary Judgment, under Rules

4

12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, on the ground that the Corps responded to the Shortalls' FOIA request, thus making this action moot.  The Corps has also moved for the Court to deny the Shortalls' request for fees and damages.  The Shortalls have opposed this motion, arguing that since the Corps' disclosures neither include letters Walter Washington – a Corps employee - received in the early 1990s regarding the Property nor the field notes of Mr. Dolgos, the Corps has failed to adequately respond under FOIA.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must dismiss an action if it discovers it lacks subject matter jurisdiction.  The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor.  Khoury v. Meserve, 268 F. Supp. 2d 600, 606 (D. Md. 2003).  A challenge to subject matter jurisdiction may be facial, asserting that the allegations in the complaint are insufficient to establish jurisdiction, or factual, asserting that the jurisdictional allegations in the complaint are not true.  Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).  In a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction."

Id. at 192.  In this circumstance, the court may "look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Khoury, 268 F. Supp. 2d at 606.

Under Article III, section 2 of the Constitution, federal courts have jurisdiction to hear and decide "cases" or "controversies."  Allen v. Wright, 468 U.S. 737, 750 (1984).  This case-or-controversy requirement must be met "through all stages of federal jurisdiction proceedings."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  An actual controversy must exist "at all stages of review, not merely at the time the complaint is filed."  Davis v. Fed. Election Comm'n, 554 U.S. 724, 732 (2008).  When "the claimant receives the relief he or she sought to obtain through the claim," the action becomes moot and there is no longer an active case or controversy through which the Court may assert jurisdiction.  Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002); Mobley v. Acme Mkts, Inc., 473 F. Supp. 851, 858 (D. Md. 1979) ("[M]ootness [is] derived from the Constitution, specifically Article III, which requires a 'case or controversy' as the fundamental ingredient of subject matter jurisdiction.").

6

**III. DISCUSSION**

FOIA "provides a mechanism for citizens to obtain documents from federal agencies, and grants federal district courts jurisdiction to review agency compliance with citizens' requests." Reaves v. Jewell, Civ. No. DKC-14-2245, 2014 WL 6698717, at *3 (D. Md. Nov. 26, 2014).  Subject to certain statutory exemptions not at issue here, FOIA requires that federal agencies shall "upon any request for records which reasonably describe such records . . . make the records promptly available to any person."  5 U.S.C. § 522(a)(3)(A).  In a lawsuit seeking the release of documents under FOIA, "[o]nce the records are produced, the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." Jacobs v. Fed. Bureau of Prisons, 725 F. Supp. 2d 85, 89 (D.D.C. 2010).

The Corps argues that by producing the scanned documents found in February, that it has resolved the subject matter of the Shortalls' lawsuit.  In its opposition, the Shortalls do not directly address the Corps' argument regarding mootness. Instead, they dispute that the Corps provided them with all responsive documents.  The basis of the Shortalls' complaint, however, is that the Corps had not responded to their FOIA request at all.  See ECF No. 1 at 2("Defendant's failure to produce documents . . . has caused the Plaintiffs substantial

7

expenses, which would have been avoided if the Defendant's [sic] had produced documents, in a timely manner, pursuant to the Federal Freedom of Information Act."). That the Corps did not produce letters the Shortalls believe were received by them, ECF No. 11 at 8 ("Although Defendant claims all documents have been produced, Plaintiff has proof that documents do exist."), relates not to whether a search was conducted (the Shortalls concede it was) but to the adequacy of such search. The complaint does not allege an inadequate search by the Corps and their argument to that extent in their Opposition cannot constitute an amendment of the pleadings. <u>Mid-Atlantic Chemicals Corp. v. Shaw Industries, Inc.</u>, 2006 WL 174256, *3 n. 4 (D. Md. 2006) ("[I]t is well settled that a plaintiff may not amend a complaint through a memorandum opposing a motion to dismiss.").

The record in this litigation demonstrates that the Corps produced documents responsive to the Shortalls' September 2014 request. The Corps conducted multiple searches of their records, with variations of terms submitted by the Shortalls. The first search produced no results, and the Corps sent a no-records FOIA response to the Shortalls. The second search – conducted upon request of the Shortalls, by last name only – produced physical records that had been archived. The Corps retrieved the records, scanned and promptly sent them to the

Shortalls once they were discovered.  Thus, the "controversy" in the Shortalls' complaint that "Defendants fail[ed] to produce documents" fell away when the Corps produced documents.

It may seem formalistic to require the Shortalls to allege in their complaint that "the Defendant is improperly withholding records within the meaning of the Freedom of I[n]formation Act" ECF No. 11 at 9, rather than to raise the issue in briefing, but when the requested relief is for the Court to "[o]rder Defendants to produce the public records as previously specified to Plaintiffs," ECF No. 1 at 3, and Defendants have voluntarily taken that action, the Court's ability to grant relief falls away and jurisdiction with it.  Morales v. Pension Benefit Guaranty Corp., Civ. No. L-10-1167, 2012 WL 253407, at *4 (D. Md. Jan. 26, 2012) ("A FOIA action becomes moot when, during the pendency of a lawsuit seeking the disclosure of documents, the requester is provided with all documents responsive to his request.").  The Shortalls had approximately two months to amend their complaint upon receiving the responsive documents, and may now re-file their FOIA complaint challenging the inadequacy of the search.[1]  While the Court is sympathetic to the Shortalls'

---

[1] The Shortalls allude to nefarious intent in failing to produce the copied letters that was sent to the Corps in 1992.  See ECF No. 11 at 9 ("Defendants were not aware that the Plaintiffs have in their possession actual letters from [the Corps] dated 1991-1992 . . . therefore, [the Corps] did not produce documents under the assumption that Plaintiffs had no proof that there

quandary, in which they believe they are being asked to take an action precisely opposed to what they were advised over 20 years ago, their FOIA complaint, as filed, cannot grant them the relief they seek nor can their opposition alter or amend the action brought in December 2014.  Even though the Court construes the Shortalls' pleadings liberally, as they are pro se litigants, the "Court cannot add factual allegations or otherwise advocate for a pro se litigant."  Taitz v. Colvin, Civ. No. ELH-13-1878, 2013 WL 6623196, at *2 (D. Md. Dec. 13, 2013).

As to attorney's fees and litigation costs, the Shortalls are not eligible for such fees as the Corps" FOIA search and response was spurred by the Shortalls' communications rather than the filing of this action.  FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  See 5 U.S.C. § 552(a)(4)(E).  "Substantially prevailed" under FOIA is defined as either when "the complainant has obtained relief through either – (1) a judicial order, or an enforceable written agreement or consent decree; or (2) a

---

were ever records in Defendant's custody.").  The Court will note that, it is also entirely possible that in the intervening 20 years, those records were not kept and any complaint alleging inadequacy of production on this ground may not be successful.

10

voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." Id. § 552(a)(4)(E)(ii). This opinion and following order dismissing the Shortalls' case will not constitute relief through a judicial order, so the question is whether the Corps' responsiveness constituted a voluntary or unilateral change in position by the agency.

In order to fall under the second prong of "substantially prevailing," the Shortalls must establish that their claim "was reasonably necessary and substantially caused the requested records to be released." Reinbold v. Evers, 187 F.3d 348, 363 (4th Cir. 1999). Whether the plaintiff substantially prevailed is a question of causation, as "the lawsuit must have resulted in the release of records that would not otherwise have been released." Id. Additionally, "the mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation." Weisburg v. United States Dep't of Justice, 745 F.2d 1476, 1495 (D.C. Cir. 1984). Here, the record does not support a conclusion that the Shortalls' suit was the catalyst for the Corps' response. While it is clear that the Corps dropped the ball between October 14th and December 1st because of Mr. Fraer's departure, the Corps responded to Mr. Shortall's December 1st letter on December 9th, stating that the

11

Corps would send any responsive documents as soon as the search was completed.

On December 17th, a day after the complaint was filed, that search was completed and the Shortalls were notified that a search according to their request produced no results.  Mr. Shields then asked that a second, broader search be conducted after Mrs. Shortall objected to the no records result.  This second search of the Shortalls' last name only produced some documentation, which was scanned and turned over to Plaintiffs.  There is no suggestion that the Corps' conduct was spurred on by the lawsuit or that the Corps took an intractable position that it was forced to change due to litigation.  As such, the Shortalls' request for litigation and attorneys' fees will be denied.

## IV. CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss will be granted.  A separate order shall issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: June 4, 2015